Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

# UNITED STATES DISTRICT COURT

### for the

Southern District of Mississippi

Northern Division

|  |  |
|---|---|
| | Case No. __3:25-cv-497-DPJ-ASH__ |
| Gerald Boswell | *(to be filled in by the Clerk's Office)* |
| *Plaintiff(s)* | |
| *(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)* | |
| –v– | |
| | UNITED STATES DISTRICT COURT |
| | SOUTHERN DISTRICT OF MISSISSIPPI |
| SEE Attached | **FILED** |
| *Defendant(s)* | Jul 08 2025 |
| *(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names. Do not include addresses here.)* | **ARTHUR JOHNSTON, CLERK** |
| | By: _____, Deputy Clerk |

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS

### (Prisoner Complaint)

---

### NOTICE

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in forma pauperis.

---

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

## I.     The Parties to This Complaint

### A.     The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

Name — Gerald Boswell

All other names by which you have been known:

ID Number — MDOC # 239206

Current Institution — Central Mississippi Correctional Facility

Address — P.O. Box 88550

Pearl                         Mississippi
*City*                *State*            *Zip Code*

### B.     The Defendant(s)     SEE Attached list

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. Make sure that the defendant(s) listed below are identical to those contained in the above caption. For an individual defendant, include the person's job or title *(if known)* and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both. Attach additional pages if needed.



Defendant No. 1

Name — Burl Cain

Job or Title *(if known)* — Commissioner of Mississippi Dept of Corrections

Shield Number

Employer — State of Mississippi MDOC

Address — 301 North Lamar street

Jackson                    MS          39201
*City*                *State*            *Zip Code*

[X] Individual capacity     [X] Official capacity

Defendant No. 2

Name — Derrick Chambers

Job or Title *(if known)* — Deputy Commissioner

Shield Number

Employer — State of Mississippi MDOC

Address — 301 North Lamar street

Jackson                    MS          39201
*City*                *State*            *Zip Code*

[X] Individual capacity     [X] Official capacity

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

Defendant No. 3

Name John Hunt

Job or Title *(if known)* Deputy Commissioner

Shield Number

Employer State of Mississippi MDOC

Address 301 North Lamar street

Jackson                MS          39201
*City*                 *State*     *Zip Code*

[X] Individual capacity    [X] Official capacity

Defendant No. 4

Name Kelley Christopher

Job or Title *(if known)* Deputy Commissioner

Shield Number

Employer State of Mississippi MDOC

Address 301 North Lamar Street

Jackson                MS          39201
*City*                 *State*     *Zip Code*

[X] Individual capacity    [X] Official capacity

## II.    Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)*, you may sue federal officials for the violation of certain constitutional rights. The court has jurisdiction under 28 U.S.C. Sections 1331, 1343 (a)(3), and 1367.

A.    Are you bringing suit against *(check all that apply)*:

[ ] Federal officials (a *Bivens* claim)

[X] State or local officials (a § 1983 claim)

B.    Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

1. Eighth Amendment protection against cruel and unusual punishment.
2. First Amendment right to Petition for redress of grievances.
3. Fifth and Fourteenth Amendment right to Due Process and Equal Protection under the law.

C.    Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

## List of Defendants

1. Defendant Burl Cain is Commissioner of the Mississippi Department of Corrections, hereinafter MDOC, and is legally responsible for the operation of MDOC including Central Mississippi Correctional Facility, hereinafter CMCF.

2. Defendant Derrick Chambers was at times Deputy Commissioner of MDOC and at times Superintendent of CMCF. At all times mentioned in this complaint he was responsible for the operation of CMCF.

3. Defendant John Hunt was at times Deputy Commissioner of MDOC and at times Superintendent of CMCF. At all times mentioned in this complaint he was responsible for the operation of CMCF.

4. Defendant Kelly Christopher is Deputy Commissioner of MDOC and at all times mentioned in this complaint was responsible for the operation of CMCF.

5. Defendant Brock Owens was Superintendent of CMCF and at all times mentioned in this complaint was responsible for the operation of CMCF.

6. Defendant J. St Julian was at times Superintendent of CMCF and at times Deputy Superintendent of CMCF. At all times mentioned in this complaint was responsible for the operation of CMCF.

7. Defendant Erick Lowery was Maintenance Supervisor at CMCF and at all times mentioned in this complaint was responsible for the operation of CMCF.

8. Defendant Doe #1 was case manager at CMCF and at all times mentioned in this complaint was responsible for the operation of CMCF.

9. Defendant Doe #2 was Director of Classification at CMCF and at all times mentioned in this complaint was responsible for the operation of CMCF.

10. Defendant Doe #3 was correction officer at CMCF and at all times mentioned in this complaint was responsible for the operation of CMCF.

11. Defendant Doe #4 was correction officer at CMCF and at all times mentioned in this complaint was responsible for the operation of CMCF.

12. Defendant Doe #5 was K-9 officer at CMCF and at all times mentioned in this complaint was responsible for the operation of CMCF.

13. Defendant Doe #6 was correction officer at CMCF and at all times mentioned in this complaint was responsible for the operation of CMCF.

14. Defendant Doe #7 was Warden at CMCF and at all times mentioned in this complaint was responsible for the operation of CMCF.

15. Defendant Doe #8 was Warden at CMCF and at all times mentioned in this complaint was responsible for the operation of CMCF.

16. Defendant Doe #9 was Director of CID at CMCF and at all times mentioned in this complaint was responsible for the operation of CMCF.

17. Defendant Doe #10 was an employee of MDOC at CMCF and at all times mentioned in this complaint was responsible for the operation of CMCF.

18. Defendant Doe #12 was correction officer at CMCF and at all times mentioned in this complaint was responsible for the operation of CMCF.

Each defendant named above, or not yet identified, is sued in his/her individual capacity and in his/her official capacity. At all times mentioned in this complaint, each defendant acted under color of state law.

## Statement of Facts

Plaintiff, Gerald Boswell, arrived at CMCF in July of 2022 and was assigned to Quickbed C building. A couple of days later plaintiff was interviewed by Case manager Doe #1 who recommended plaintiff for B custody, also called medium custody, based on plaintiff's score under the Objective Classification system. However, Director of Classification Doe #2 rejected the recommendation and raised plaintiff's custody level to C custody, close custody.

Plaintiff remained in Quickbed C building for six months. During that time, there were long periods with no officer or supervisor present in the building. There was nobody supervising the inmate population and nobody to contact in the event of emergency. There were weeks with no security checks and no inmate counts conducted. There were many violent assaults of inmates with large crowds gathered around, yet no officer was present and obviously nobody was watching the video surveillance cameras because nobody came to intervene or stop the assaults. We were left to fend for ourselves. I was terrified.

The gangs had complete control of the building. If any gang member wanted anything possessed by a non-affiliated prisoner they simply took it. The gangs controlled everything, including the phones, food, and even access to any officer who might occasionally be in the building. Prisoners could not complain to officers or report thefts, assaults, or other mistreatment because the officers would turn the complaining prisoner over to the gang members to be dealt with

During that time period I tried to report a theft of my property to Officer Doe #3 while in the dining hall but she said that was not her problem and allowed several gang members to push me out of the dining hall. On several other occasions prisoners took my property and threatened to beat me up if I resisted. I was forced to pay gang members to use the phone and I was "taxed" for violating the gangs security. I told officer Doe #4 that a gang member took my canteen items and was threatening me. I asked to be moved to a different housing location but he refused and told me to go back in the zone. I refused to go inside the zone so he let two gang members physically force me to go back inside.

The officers would not help me so I wrote to Burl Cain, Kelly Christopher, and Derrick Chambers explaining the situation and the mental/emotional toll that the prolonged exposure to such extreme conditions was having on me. They didn't write back. On a couple of occasions Kelly Christopher and Derrick Chambers came to the building and threatened the gang members but nothing changed. The conditions did not improve because the prison was left in control of the gangs.

Burl Cain, Kelley Christopher, Derrick Chambers and the officers knew about the extreme violent conditions at Quickbed C building. They also knew they had a legal duty to operate the prison in a reasonably safe and humane manner according to the Constitution and laws of the United States, Constitution and laws of the State of Mississippi, and MDOC policy and procedure. They also took an "Oath" but violated their oath by acting with deliberate indifference to plaintiff's rights.

After spending six months in Quickbed I was transferred to R and C Section 4, a restrictive housing unit. I had not violated any rule nor received a RVR. There was not reason to put me in a tiny cell where I was locked down 23 hours a day. The transfer violated MDOC policy of placing inmates in the least restrictive environment. I immediately complained to the K-9 officer, Doe #5. I told him that I am claustrophobic. So he said, "you should have kept your mouth shut and stayed in Quickbed. He also told my cellmate, "maybe you can teach him how to do time." So I lived in a tiny cell with a violent gang member, who was convicted of murder, for the next three months. My cellmate often took my personal property and my food. Besides being mistreated by my cellmate I was having severe panic attacks. There was nothing I could do about it because officer, Doe #6 refused to move me to a different cell. When I told her that I was having severe panic attacks she said there was nothing she could do about that, and that I was going to have to deal with it.

Any transfer of inmates from Quickbed to R and C Section 4 requires approval by CMCF superintendent and the Warden, Doe #7. Therefore Derrick Chambers, Warden Doe #7, K-9 Officer Doe #5, and officer Doe #6 all knew that I should not have been put in the restrictive housing cell with the violent gang member. They knew they had a legal duty to take reasonable steps to protect me from violence or other inhumane treatment

and to refrain from retaliating against me for complaining about the prison conditions, under the Constitution and laws of the United States, Constitution and laws of the State of Mississippi, and MDOC policy and procedure. They also took an "Oath" but violated their oath by acting with deliberate indifference to plaintiff's rights. They also violated plaintiff's rights by intentionally causing or encouraging the infliction of pain for malicious and sadistic cause of harm of the plaintiff.

After about three months in the restrictive housing cell I was transferred back to Quickbed. I was first assigned to A building then moved to B building. I was in B building a few days before several gang members attacked me. I reported the assault to Warden Doe #8 and she moved me to a different zone inside the same building controlled by the same violent gang members. I was harassed, threatened, and my property was taken by the same prisoners who assaulted me in the other zone of the building. I did not report the mistreatment because I could not afford to have the gang members find out I was complaining and because I did not want to get sent back to a restrictive housing cell.

Then in July of 2023 I was transferred to 1-B Yard to participate in a faith-based program. While there I got

a job in the maintenance department as a HVAC service technician. I worked in the HVAC #2 shop for a couple of different supervisors until Mr. Erick Lowery was put over that shop. Mr Lowery was a corrupt MDOC employee who brought lots of contraband into the prison. He was investigated by CID multiple times for various unethical and illegal stuff. He repeatedly expressed his dislike for me claiming I was a snitch. After being the HVAC #2 shop supervisor a couple of months he fired me. However, I had gotten certified as a NCCER vocational instructor so the Director of Programs gave me a full time job teaching HVAC & Electrical Level ONE vocational courses.

One of my responsibilities was to give Certificates and NCCER cards to the prisoners who completed the training successfully. So I was delivering the certificates and cards to some prisoners when I noticed a card and certificate with the name Erick Lowery on it. I then discovered that Mr Lowery had a previous vocational instructor register him in the HVAC Level One course and take the tests to get him certified. However, since the credentials was fraudulent I refused to give Mr Lowery the NCCER card or certificates. I told Mr. Lowery that I was going to report the fraud to CID and to the NCCER organization. So he had two prisoners attack me and beat me up. They knocked one of my teeth

out during the assault. They said they would put a kill-on-site order on me if I said anything about Mr Lowery. They also made me give them the NCCER card and certificate for Mr. Lowery. I did not report the incident to CID because I was too afraid. However, CID knew Mr Lowery was corrupt so he was forced to resign several months later for other illegal acts.

Mr Lowery acted with evil motive and intent by causing unnecessary infliction of pain for malicious and sadistic purposes which violated plaintiff's rights under the Constitution and laws of the United States, Constitution and laws of the State of Mississippi, and MDOC policy and procedure. Mr. Lowery took an "Oath" but violated his oath by acting with deliberate indifference to plaintiff's rights.

Burl Cain, Derrick Chambers, John Hunt, and Director of CID Doe #9 all knew that Mr. Lowery was a corrupt employee at CMCF. They knew that Mr Lowery brought dangerous contraband into the facility which contributed to the grave risk of violence to plaintiff. They had a legal duty to operate CMCF in a reasonably safe and humane manner according to the Constitution and laws of the United States, Constitution and laws of the State of Mississippi, and MDOC policy and procedure. They also took an "Oath" but violated their oath by acting with deliberate indifference to plaintiff's rights.

Then in January of 2025 I was transferred back to Quickbed C building. I enrolled in some classes including Alcoholics Anonymous. On May 6, 2025 I was waiting outside the education trailer for class to start when I was confronted by a violent gang member who MDOC staff member Doe #10 had put over the education department. He said that I could not wait there for class to start, I explained that Warden Doe #11 instructed me to wait there. He then said he didn't care what the warden said because she don't run anything, he runs the education area and that if I didn't get up and leave he was going to get me up. He said if he had to get me up it was going to hurt. So I went to the Wardens office and told her what happened. She told me to wait somewhere else for class to start but refused to address the fact a violent gang member threatened to hurt me for doing what she had told me to do.

On May 10, 2025 I wrote a letter to Burl Cain detailing the incident and several other incidents in which violent gang members are put in positions of authority over other prisoners and how these gang members use violence, threats of violence and intimidation to maintain control. I also personally delivered a copy of the letter to Kelly Christopher. Immediately afterward the gang member was informed of my complaint. So he came to my housing area and threatened me although he was not assigned to that building

Then on June 26, 2025 I was attack by four gang members who came from another area of the prison. While they were punching, kicking, and stomping me they said it was because of the complaint against the gang member who had been put over the education department. They claimed that I had interfered in their business. They also said that I would not be safe anywhere inside Mississippi prison system if I reported it. They claimed MDOC staff tell them everything so if I snitched on them they will know.

While they were beating me the housing officer, Doe #12 came out of the building to the area where the assault was happening. So they stopped beating me and just stood around like nothing happened. I was hurt and barely conscious but I was able to make it inside the building. As soon as I could I prepared an ARP, medical request, and dental request form.

At all times between July of 2022 and the filing of this complaint the defendants named herein, or not yet identified, knew about the extreme violence occuring daily at CMCF. They knew plaintiff was being subjected to inhumane and degrading treatment, including frequent physical violence at the hands of other prisoners. Each defendant knew they had a legal duty under the Constitution and laws of the United States, Constitution and laws of

the State of Mississippi, and MDOC policy and procedure to act reasonably to protect plaintiff from violence and other mistreatment at the hands of other prisoners. The defendants acted with deliberate indifference, and at times acted with reckless or callous disregard for plaintiffs rights. The Constitutional rights violations set forth in this complaint are serious and ongoing. If plaintiff were to be forced to exhaust administrative remedies before filing this complaint he would very likely suffer irreparable harm.

The plaintiff has no plain, adequate, or complete remedy at law to redress the wrongs described herein. Plaintiff has been and will continue to be irreparably injured by the conduct of the defendants unless this court grants the declatory and injunctive relief which plaintiff seeks.

I understand that a knowingly false statement in this statement of Facts will subject me to the penalties of perjury. I swear and affirm under penalty of perjury that the foregoing is true and correct. Executed at Pearl, MS on _July 7, 2025_.

_Gerald Boswell_
Gerald Boswell MDOC #239206

_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_
Social Security Number

_December 6, 1965_
Date of Birth

## Legal Claims

1. Defendants violated Plaintiff's right to protection against cruel and unusual punishment under the Eighth Amendment to the United States Constitution, Under Article III of the Mississippi Constitution, under Chapter 47 of the Mississippi Code and other laws of the State of Mississippi, and under Mississippi Department of Corrections policy and procedure. Defendants acted with deliberate indifference to plaintiff's rights by failing to take reasonable steps to protect him from known serious risk of violence and other inhumane treatment at the hands of other prisoners.

   Defendants exhibited their deliberate indifference to plaintiffs rights by failing to take reasonable steps including but not limited to the following:

   a) by failing to properly staff CMCF,

   b) by failing to properly supervise MDOC employees,

   c) by failing to properly screen, test, and investigate MDOC employees for gang afilliation or other security issues,

   d) by failing to properly train or retrain MDOC employees,

   e) by failing to supervise the CMCF prisoner population,

   f) by failing to control prisoners who endanger the health and physical safety of plaintiff and other prisoners, by not securing gates and doors,

g) by failing to conduct adequate security checks inside and outside of buildings,

h) by failing to investigate, prevent, or remedy misconduct of prisoners such as extortion, theft of property, assault etc. after being made aware of the misconduct and mistreatment of plaintiff or any other prisoner,

i) by using prisoners to supervise other prisoners, including plaintiff, which creates a power imbalance and permits those prisoners put in charge to use violence, threats, and intimidation to control and dominate plaintiff and other prisoners,

j) by allowing prisoners to control the prison and prevent or limit access of plaintiff to MDOC staff which caused and continues to cause mistreatment of plaintiff such as extortion, theft, assault etc. to go unreported,

k) by failing to properly classify and separate violent prisoners and STG members from plaintiff who is nonviolent,

l) by revealing sensitive information about plaintiff's complaints to gang members and other prisoners which caused or encouraged them to assault and/or mistreat plaintiff,

m) and by other acts or omissions which caused or contributed to the grave risk of violence and other inhumane treatment of plaintiff but will be manifest only upon completion of investigation and discovery.

2. Defendants had a clear and obvious duty to perform the essential functions listed at 1 a-m above, but breached their duty to plaintiff thereby causing plaintiff injury and/or loss.

3. Defendants violated plaintiff's right to petition the government for redress of grievances under the First, Fifth, and Fourteenth Amendments to the United States Constitution, under Article III of the Mississippi Constitution, under Title 47 and Title 97 of the Mississippi Code and other laws of the State of Mississippi, and under Mississippi Department of Corrections policy and procedure. Defendants acted with deliberate indifference to plaintiff's rights and/or acted with evil motive and intent to cause unneccesary and wanton infliction of pain for the purpose of malicious and sadistic harm to plaintiff by retaliating against plaintiff or otherwise engaging in a campaign of harassment, intimidation, and violence toward plaintiff for the purpose of preventing or limiting plaintiff from seeking redress of greivances or reporting illegal or unethical conduct of the defendants.

4. Defendants had a clear and obvious duty to refrain from retaliating against plaintiff or otherwise engaging in a campaign of harassment, and a duty to prevent others from retaliating against plaintiff or otherwise engaging in a campaign of harassment, for the purpose of preventing

or limiting plaintiff from engaging in protected conduct. Defendants breached their duty to plaintiff and thereby caused plaintiff injury or loss.

5. Defendants extreme and outragious actions, as set forth in this compaint, was done for the purpose of causing, and did cause, plaintiff to suffer severe emotional distress.

D.  Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983.  If you are suing under section 1983, explain how each defendant acted under color of state or local law.  If you are suing under *Bivens*, explain how each defendant acted under color of federal law.  Attach additional pages if needed.

Each defendant is an employee of the Mississippi Department of Corrections and is responsible for the operation of Central Mississippi Correctional Facility according to Mississippi State law.

## III.  Prisoner Status

Indicate whether you are a prisoner or other confined person as follows *(check all that apply)*:

- [ ] Pretrial detainee
- [ ] Civilly committed detainee
- [ ] Immigration detainee
- [X] Convicted and sentenced state prisoner
- [ ] Convicted and sentenced federal prisoner
- [ ] Other *(explain)* _____

## IV.  Statement of Claim

State as briefly as possible the facts of your case.  Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events.  You may wish to include further details such as the names of other persons involved in the events giving rise to your claims.  Do not cite any cases or statutes.  If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph.  Attach additional pages if needed.

A.  If the events giving rise to your claim arose outside an institution, describe where and when they arose.

B.  If the events giving rise to your claim arose in an institution, describe where and when they arose.

SEE Attached Statement of Facts

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

C.    What date and approximate time did the events giving rise to your claim(s) occur?

The dates and times of events began in July of 2022 and continue to the time of filing of this complaint. SEE STATEMENT OF FACTS for details.

D.    What are the facts underlying your claim(s)? *(For example:  What happened to you?  Who did what? Was anyone else involved?  Who else saw what happened?)*

SEE STATEMENT OF FACTS. Note that additional details will be provided after DISCOVERY is complete.

**V.    Injuries**

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.

I suffered bruises, cuts, contusions, loss of a tooth, neck injury, back injury, loss of hearing, blurry vision, jaw injury, loss of mobility, Pain, PTSD, Mental anguish, loss of enjoyment of life and other injuries.

**VI.    Relief**

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged.  Explain the basis for these claims.

SEE Attached "Relief Requested"

## Prayer for Relief

Wherefore plaintiff respectfully prays this Honorable Court enter judgment granting plaintiff:

1. a declaration that the acts or omissions described in the complaint violated Plaintiff's rights under the Constitution and laws of the United States.

2. a preliminary and permanent injunction ordering defendants to take reasonable steps to ensure Plaintiff's rights under the Constitution and the laws of the United States are not violated by any of the defendants, their successors in office, agents, employees, and all other persons acting in concert and participation with them.

3. compensatory damages in the amount of $100,000.⁰⁰ per defendant.

4. punitive damages in the amount of $500,000.⁰⁰ per defendant.

5. a jury trial on all issues triable by jury.

6. Plaintiffs costs as to this suit.

7. any additional relief this court deems just, proper, and equitable.

**VII.    Exhaustion of Administrative Remedies Administrative Procedures**

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

Administrative remedies are also known as grievance procedures. Your case may be dismissed if you have not exhausted your administrative remedies.

A.    Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

☒ Yes

☐ No

If yes, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

Central Mississippi Correctional Facility CMCF

B.    Does the jail, prison, or other correctional facility where your claim(s) arose have a grievance procedure?

☒ Yes  However the procedure is inadequate, inconsistent and
☐ No     not followed by MDOC officials.

☐ Do not know

C.    Does the grievance procedure at the jail, prison, or other correctional facility where your claim(s) arose cover some or all of your claims?

☐ Yes

☐ No

☒ Do not know

If yes, which claim(s)?

It is possible that the ARP could address and correct some of the issues raised in the complaint if MDOC staff followed the policy and procedure but they lose the ARP forms, fail to respond, reveal sensitive issues to staff and inmates to discourage use of the ARP process.

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

D.    Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose concerning the facts relating to this complaint?

☒ Yes — Some of the issues were presented via ARP but other issues cannot be presented via ARP due to serious risk to Petitioner's life and/or health.

☐ No

If no, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

☐ Yes

☒ No

E.    If you did file a grievance:

1.    Where did you file the grievance?

CMCF Building C sallyport

2.    What did you claim in your grievance?

SEE Attached

3.    What was the result, if any?

4.    What steps, if any, did you take to appeal that decision?  Is the grievance process completed?  If not, explain why not.  *(Describe all efforts to appeal to the highest level of the grievance process.)*

F.    If you did not file a grievance:

    1.    If there are any reasons why you did not file a grievance, state them here:

*Some issues were not present via ARP because of threats of retaliation and because of serious risk to Petitioner's life and/or health.*

    2.    If you did not file a grievance but you did inform officials of your claim, state who you informed, when and how, and their response, if any:

*I wrote letters to Burl Cain, K. Christopher, Derrick Chambers, John Hunt about the issues in my complaint.*

G.    Please set forth any additional information that is relevant to the exhaustion of your administrative remedies.

*I notified medical, dental, and correctional staff of the issues contained in my complaint.*

*(Note: You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.)*

## VIII. Previous Lawsuits

The "three strikes rule" bars a prisoner from bringing a civil action or an appeal in federal court without paying the filing fee if that prisoner has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

To the best of your knowledge, have you had a case dismissed based on this "three strikes rule"?

☐ Yes

☒ No

If yes, state which court dismissed your case, when this occurred, and attach a copy of the order if possible.

A.    Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

☐ Yes

☒ No

B.    If your answer to A is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1.    Parties to the previous lawsuit

Plaintiff(s) _____

Defendant(s) _____

2.    Court *(if federal court, name the district; if state court, name the county and State)*

_____

3.    Docket or index number

_____

4.    Name of Judge assigned to your case

_____

5.    Approximate date of filing lawsuit

_____

6.    Is the case still pending?

☐ Yes

☐ No

If no, give the approximate date of disposition. _____

7.    What was the result of the case? *(For example: Was the case dismissed?  Was judgment entered in your favor?  Was the case appealed?)*

_____

C.    Have you filed other lawsuits in state or federal court otherwise relating to the conditions of your imprisonment?

☐ Yes

☒ No

D.  If your answer to C is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1.  Parties to the previous lawsuit

Plaintiff(s) _____

Defendant(s) _____

2.  Court *(if federal court, name the district; if state court, name the county and State)*

_____

3.  Docket or index number

_____

4.  Name of Judge assigned to your case

_____

5.  Approximate date of filing lawsuit

_____

6.  Is the case still pending?

☐ Yes

☐ No

If no, give the approximate date of disposition _____

7.  What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

_____

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

## IX.    Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.    For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served.  I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:    July 7, 2025

Signature of Plaintiff    Gerald Boswell

Printed Name of Plaintiff    Gerald Boswell

Prison Identification #    MDOC #239206

Prison Address    P.O. Box 88550

Pearl                        MS        39288
_____City_____        _State_    _Zip Code_

### B.    For Attorneys

Date of signing:

Signature of Attorney

Printed Name of Attorney

Bar Number

Name of Law Firm

Address

_____City_____        _State_    _Zip Code_

Telephone Number

E-mail Address